**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BILLI H.**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 3:25-cv-01348-GCS** |
| | ) | |
| **COMMISSIONER of SOCIAL SECURITY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, through counsel, seeks judicial review of the final agency decision denying her application for Supplemental Security Income ("SSI").[2]

### PROCEDURAL HISTORY

On April 29, 2022, Plaintiff filed an application for supplemental security income ("SSI") alleging a disability onset date of January 1, 2020. (Tr. 28). The claim was denied on March 31, 2023, and a request for reconsideration was denied on November 21, 2023. (Tr. 100, 115). Plaintiff then requested a hearing before an Administrative Law Judge

---

[1] Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 10).

("ALJ"). (Tr. 123). The hearing was held on May 22, 2024, and the ALJ denied the application on May 30, 2024. (Tr. 28-44). On May 7, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. (Tr. 2). Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

## Issue Raised by Plaintiff

Plaintiff raises the following issue:

1. Whether the Commissioner erred as a matter of law by failing to provide an adequate analysis of supportability and consistency of the medical opinions of state agency's psychological consultants in violation of 20 CFR § 404.1520c.

## Applicable Legal Standards

"The [SSA] provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20

C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *See Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether or not Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). While judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

## THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He determined that Plaintiff had not worked at the level of substantial gainful activity since April 29, 2022, the date of her application. (Tr. 31). The ALJ found that Plaintiff had the following severe impairments: rheumatoid arthritis, lumbar degenerative disc disease, obesity, anxiety, bipolar disorder, and post-traumatic stress disorder ("PTSD"). *Id.*

The ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b) except she can frequently balance, occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, and can never climb ladders, ropes, or scaffolds. She can learn and engage in rote tasks that are simple, routine, and repetitive. She must work in a stable setting where there is no more than occasional change in terms of tools used, the processes employed, or the setting itself. She should not engage in work-related interactions with the general public. She can occasionally engage in work-related interactions with coworkers." (Tr. 36). Thus, the ALJ found that Plaintiff was not disabled. (Tr. 45).

## THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in preparing this Memorandum & Order. The Court finds that the ALJ's summary of the record in his decision, when compared with the point raised by Plaintiff, is sufficiently comprehensive. Thus, there is no need to summarize it again.

## DISCUSSION

The ALJ erred by reaching a conclusion that was not supported by substantial

evidence. The Court is mindful that an ALJ is "subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Nevertheless, the ALJ must "articulate at some minimal level his analysis of the evidence." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) (cleaned up). This analysis must "'provide a logical bridge'" between the evidence and its conclusion so that a reviewing court can "afford the claimant meaningful judicial review." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010) (citing *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008)).

The Court agrees with Plaintiff that the ALJ erred in assessing Dr. Voss's medical opinion. As a result, the ALJ did not provide a logical bridge between the evidence and his conclusion. Dr. Voss stated that Plaintiff had the capacity for "interactions with supervisors and coworkers in a work environment where social interaction is incidental to work performed." (Tr. 41). The ALJ found that Dr. Voss's opinion was not "ultimately persuasive because of vagueness in the limitations provided." (Tr. 42). The ALJ specified, in relevant part, that "the phrase 'limited social demands . . .' is not adequately defined." *Id*. Then the ALJ adopted Dr. Voss's determined RFC but "stated [it] in vocationally relevant terms." *Id*. The restated RFC said, in relevant part, that Plaintiff "can occasionally engage in work-related interactions with coworkers." (Tr. 35).

The ALJ erred because "incidental" and "occasional" are not synonymous. Rather, "incidental" refers to the quality of interactions — whether they are a small part of or result from a job — while "occasional" refers to the quantity of interactions — *how much* a person interacts with others. *Douglas H. v. Bisignano*, No. 24-cv-03364, 2025 WL 2483398, *4 (N.D. Ill. Aug. 28, 2025); *see also Mercedes U. v. Commissioner of Social Security*, No. 24-

cv-2656-RJD, 2026 WL 733660 (S.D. Ill. March 16, 2026). Indeed, Social Security Regulations define "occasional" as "occurring from very little up to one-third of the time." *Titles II & XVI: Determining Capability to Do Other Work — the Med.-Vocational Rules of Appendix 2*, SSR 83-10, at *5 (S.S.A. 1983).

Limiting Plaintiff's interactions with coworkers to no more than 2.33 hours out of any given workday may not ensure that those interactions are incidental to Plaintiff's work. The ALJ's opinion is not supported by substantial evidence. The ALJ did not explain how this quantitative limitation would address the limitations that Dr. Voss set forth in his medical opinion – an opinion the ALJ found at least somewhat persuasive. Without a more substantial analysis of these limitations and how they appropriately address Plaintiff's difficulties with social interactions with coworkers, the Court cannot meaningfully review the ALJ's decision. To be clear, the Court does not fault the ALJ for any particular conclusion he reached. Rather, the issue is that the Court cannot follow his reasoning.

"If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted). Because the Court finds that it cannot meaningfully review the ALJ's decision, it must be remanded for reconsideration.

This Memorandum & Order should not be construed as an indication that the Court believes Plaintiff was disabled during the relevant period or that she should be awarded benefits. The Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## CONCLUSION

The Commissioner's final decision denying Plaintiff's application for supplemental security income is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATED: August 14, 2026.**

Digitally signed by Judge Sison
Date: 2026.08.14 13:41:27 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**